**Opinion issued November 6, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00257-CV

————————————

**DANIEL WRIGHT, Appellant**

**V.**

**MANHEIM REMARKETING, INC. D/B/A MANHEIM TEXAS HOBBY AND MANHEIM TEXAS AUCTION SERVICES, LLC, Appellee**

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-80273**

---

## MEMORANDUM OPINION

Appellant, Daniel Wright, filed a notice of appeal from the trial court's March 21, 2024 "Take Nothing Final Judgment" in favor of appellee, Manheim Remarketing, Inc., doing business as Manheim Texas Hobby and Manheim Texas

Auction Services, LLC.  Appellant has failed to timely file a brief.  *See* TEX. R. APP. P. 38.6(a) (governing time to file brief).

The appellate record was originally due to be filed by July 19, 2024. However, because appellant failed to pay for the preparation of the clerk's record, the clerk's record was not filed until February 6, 2025.  Appellant further failed to pay for the preparation of the reporter's record.  Accordingly, on April 1, 2025, the Court notified appellant that the appeal would be considered and decided on points or issues that did not require a reporter's record and set a deadline for appellant to file his brief no later than May 1, 2025.

In the Court's April 1, 2025 order, appellant was further notified that no extension of the deadline for filing an appellant's brief would be considered absent extraordinary circumstances and that the failure to file a brief by May 1, 2025 could result in dismissal of the appeal.  Despite this, appellant failed to file a brief.  On July 25, 2025, appellant was again notified that the deadline for filing his brief had passed and that the appeal was subject to dismissal for failure to file a brief.

On August 5, 2025, appellant, through counsel, filed a motion for extension of time to file a brief.  The motion requested that the deadline for filing appellant's brief be extended to September 4, 2025, which was 126 days after it was originally due, and seventeen months after appellant filed his notice of appeal.  In support of

the requested extension, appellant's counsel stated only that the extension was necessary "[d]ue to [a]ppellant's counsel's trial and appellate dockets."

The Court denied appellant's motion for extension, concluding that the motion failed to comply with the requirements of Texas Rule of Appellate Procedure 10.5(b) as well as Texas Rule of Appellate Procedure 10.1(a)(5) because it failed to include a certificate of conference. *See* TEX. R. APP. P. 10.1(a)(5), 10.5(b). Accordingly, appellant was directed to file his appellant's brief within ten days of the Court's order, no later than August 22, 2025. Appellant was further notified that the failure to file a brief within ten days would result in dismissal of the appeal. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b), (c).

Despite the Court's notice that the appeal was subject to dismissal, appellant did not file a brief. Accordingly, we dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 42.3(b), (c); 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.